### Frank Hamm v. J. Stone & Sons Live Stock Company et al.

Delivered February 26, 1898.

**1. Receiver—Liability of.**

A receiver is liable for all the property embraced in the order appointing him, which came into his possession or could have been reduced to his possession by the use of ordinary care.

**2. Same—Pleading—Issue as to Diligence Made.**

Where the pleading against the receiver for an accounting did not ask an account as to personal property which he could, by ordinary care, have reduced to possession, but his answer alleged diligence and inability to get possession of it, this raised the issue of diligence, since the statute supplies a replication traversing the averments of the answer.

**3. Same—Master's Report—Instructions.**

Where, upon the trial of a motion to confirm the report of a master as to the amount of a receiver's liability, in final settlement, the master's report was adverse to the receiver's liability for certain rents (the report not being excepted to by either party), it was error for the court to charge as to liability for the rents, such report being conclusive as to matters therein not excepted.

**4. Same—Evidence.**

Upon the trial of a motion against a receiver for final accounting, the petition upon which the receivership was granted was admissible in evidence as part of the history of the case, the jury being properly instructed as to the purpose of its admission.

Appeal from Dallas. Tried below before Hon. W. J. J. Smith.

*Geo. H. Plowman* and *Kearby & Muse*, for appellant.

*U. F. Short* and *Bennett Hill*, for appellees.

TARLTON, Chief Justice.—On June 30, 1886, C. A. Keating instituted suit against the J. Stone & Sons Live Stock Company, a cor-

poration, and against Frank Stone, Ernest Stone, James Drew, William Trick, John Morley, George W. Loomis, Alexander Cockrell, and David Stone. The plaintiff Keating claimed to have purchased certain shares of stock of the corporation defendant belonging to John Stone, thus becoming a stockholder in the corporation. He charged that the corporation was the owner of several tracts of land incumbered by fraudulent mortgages, and also of certain live stock, hay, oats, and other property, of the aggregate value of $39,000. This property was described in his petition, the land lying principally in Van Zandt County. He charged that the lands and the personal property had been parceled out and conveyed to the several defendants therein by means of fraudulent transfers and conveyances. He prayed for a writ of injunction restraining the defendants from disposing of the property, and for the appointment of a receiver.

An injunction was accordingly granted, and on July 9, 1886, Frank Hamm was appointed receiver, and he duly qualified as such. He was empowered to take possession "of the effects of said defendant J. Stone & Sons Live Stock Company, as prayed for in said bill, with all the rights and powers prescribed by law," and it was ordered that the defendants named in the bill deliver to him "all the land, live stock, property, and effects of every nature and kind of and belonging to said J. Stone & Sons Live Stock Company in their control or possession." He thereupon undertook to take charge of all the property described in the petition filed in that cause, as directed by the order of appointment.

The suit was pending from the date of its institution until its decision on appeal by our Supreme Court on February 19, 1892, and it was adjudged therein that the plaintiff was not a stockholder in the corporation, and the injunction was dissolved. The receivership, however, was continued until the further order of the court, and during the pendency of the litigation the receiver Hamm made no report in writing of his action as receiver, nor of any property that came into his possession, nor of any expense incurred by him as receiver. He made no application to the court to sell the property, and no order of the court is produced directing him to dispose thereof. Nor did he seek any direction from the court as to the manner in which he should administer the effects which came into his hands as receiver.

On May 2, 1893, William Trick, John Morley, Ernest Stone, James Drew, George W. Loomis, and J. Stone & Sons Live Stock Company, the appellees herein, filed the motion the proceedings in which constitute the subject of this review, against Frank Hamm, receiver and appellant. In this motion the plaintiffs refer to the suit by Keating, set up the appointment of Hamm as receiver, and allege that he took charge of all the property belonging to the corporation, including the horses and cattle, the agricultural implements, the hay and other personal property, as well as the real estate described in the petition of Keating; that he began to sell and dispose of the personal property, receiving payment therefor; that he has never made any account of the property; that he

has neither delivered it to the defendants nor paid it into the registry of the court; the motion concluding with a prayer that an order be made directing the receiver to account for and pay over all sums received from the sale of the property into the registry of the court, that if any remain unsold it be delivered to the defendants, and for all proper relief.

Issue was joined by Hamm with the averments of his motion, and on January 6, 1894, A. S. Lathrop was appointed master in chancery, and directed to make full investigation and report as to the accounts and affairs of the receiver. The master, in effect, reported that the receiver had taken possession of personal property to the value of $3251, for which he had failed to account, and that it was his duty to account for the property or its value, that the court might then, upon proof, turn it over to the proper owners. The master, however, also reported that he failed to find that the proof would justify an allowance for the rent of the land in Van Zandt County.

On October 6, 1894, the appellees filed a motion for a confirmation of the report. On the other hand, the appellant filed various exceptions and answers, complaining of it, and on April 2, 1897, on issue joined upon it, and upon the exceptions thereto and the various papers, pleadings, and the evidence in the cause, and the controversy was submitted to a jury and a verdict returned against Hamm in the sum of $1681.36, after deducting all legitimate expenses of the receivership; from the judgment in accordance with which this appeal is prosecuted.

*Conclusions of Law.*—We thus state our conclusions upon the material assignments of error presented by appellant:

1. The court charged the jury that "it was the duty of the receiver to take charge of and preserve the property involved in the controversy, as shown by the complainant's bill, between the plaintiff and defendants, until the rights of the parties thereto were determined; that the receiver had nothing to do with the ownership of the property, and that issue was not for the determination of the jury; that the receiver should account for all the property embraced in the order appointing him which came into his possession or was capable of being reduced to his possession by the use of the ordinary care and diligence; and that it was his duty to deliver the same or its reasonable value to the parties entitled thereto, when the court should direct." Objection is urged to this charge that it submitted an issue not raised by the pleadings, in that by them recovery was sought only for such of the property belonging to the company as was actually taken into the possession of the receiver.

Though the property was described in the pleadings as certain property which belonged to J. Stone & Sons Live Stock Company, no reasonable question could be made as to its identity as coming within the description contained in the petition for the appointment of Hamm as receiver and of the order thus appointing him. True, the issue made by the averments in that petition was whether certain transfers which had been made by the company to different grantees were or were not fraudu-

lent; but the allegation remained, and was repeated in the plantiffs' motion, that the property described as belonging to the corporation was the identical property for the control and administration of which the appellant was appointed. The character of description embodied in the averments could and did in no way surprise the appellant. While the instruction does not limit to any particular time the value for which the receiver may be held liable, had such limitation been desired, it devolved upon the appellant to request it. We thus overrule the first and fourth assignments, and the several propositions thereunder.

2. The court further charged the jury as follows: "Said Hamm is properly chargeable with all personal property which came into his possession as such receiver, and with all additional personal property, if any, which he was directed to take charge of, and which, by the use of ordinary diligence and care, he could have taken into his possession; and in considering your verdict in this case, the jury will find what property, if any, came into the possession of said Hamm as receiver, and the reasonable market value thereof, and what property, if any, he could have taken into his possession by the use of ordinary care and did not, and find from the evidence the reasonable market value thereof."

Objection is urged that the charge is erroneous, in that there were no pleadings authorizing a recovery of the value of the property which the receiver did not reduce to his possession, there being no allegation of negligence in failing to so reduce the property. It suffices to state that the defendant himself alleged that he had made diligent efforts to get possession of the horses and cattle on the range, but that he was unable to do so. The statute supplies a replication traversing this averment, and the issue was thus raised by the appellant. The remaining propositions under the second assignments, complaining of this instruction, are overruled in our remarks under conclusion number 1.

3. The court further charged the jury as follows: "It was the duty of the receiver to take charge of the real estate described in complainant's bill, and if he did so take charge of the same, and by the use of ordinary care and prudence could have rented the same, then you will from the evidence estimate the fair market rental value of said land for the period of time, if any, he was in possession thereof, and could have so rented it by the use of such ordinary care and prudence, if any, and consider this a proper item to charge against the receiver in arriving at your verdict. But if you find that said receiver used ordinary and reasonable care and prudence in trying to rent said land, and could not by the use of such ordinary care and prudence succeed in renting the same, then on this item you will find for the receiver, and make no charge against him on this account."

We think that the submission of this issue of liability for rents constitutes material error. As we have seen, the report of the master was adverse to the recognition of such liability. The appellees sought the confirmation of the master's action. The appellant did not except to this feature. Hence the report must be regarded "as conclusive of the

matters within its scope." Cameron v. Bank, 4 Texas Civ. App., 309.. It was conclusive against the appellees on the issue of liability for rents, and there was no foundation for the charge submitting this issue. We are unable to say from the record that the jury were not influenced by the charge, because the record does not disclose on what grounds the appellant was held to be liable.

4. The court admitted in evidence, over the objection of the appellant, the petition of C. A. Keating v. J. Stone & Sons Live Stock Company, upon which the receivership was granted, and it also admitted the injunction bonds which were executed by Keating in that suit. Complaint is made that this action was erroneous.

We hold that these instruments were admissible as a part of the history of the litigation, in the light of which the motion of the plaintiffs for an accounting was filed. This seems to have been the view of the trial judge, as shown by his explanation appended to the bill of exceptions referring to the petition, whence it appears that he stated in the presence of the jury that the recitals in the petition were not admitted as evidence that the property therein described came into his possession.

The sixth and seventh assignments of error are thus overruled. So also are the remaining assignments, which are disposed of under conclusions already expressed.

For the error pointed out in our third conclusion, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*