No. 405.   ST. LOUIS UNION TRUST COMPANY V. TEXAS SOUTHERN
RAILWAY COMPANY ET AL. (RAILWAY CLAIMS).

**1.—Receiver—Operating Expenses.**

Claims of other railways against a receiver operating a railroad for rentals of and damages to their cars in his hands were properly allowed as operating expenses and given such priority of payment out of the receipts or proceeds of sale of the corpus of the property as by the judgment of foreclosure had been assigned to claims of that class.

**2.—Same—Findings of Master.**

Claims against a receiver were filed by interveners in the suit and referred to a master in chancery for adjudication and by him reported back, with the amounts, as creditors of the receiver. In the absence of other findings on the subject, this was to be taken as an adjudication by the master of the validity of such claims.

**3.—Same—Contesting Master's Findings.**

Claims of interveners against the receiver having been referred to a master in chancery and he having included them in his report to the court of obligations of the receiver, other parties, if entitled to contest the allowance of such claims, could do so only on exception to the master's findings and notice and opportunity given claimants to be heard. A mere objection to the priority of payment given them did not raise the question of their validity as to amount. And an order of the court reducing the amount allowed, without contest made or notice to claimants, was erroneous.

*Coke, Miller & Coke* and *Schluter & Singleton,* for Missouri, K. & T. Ry. Co. and Missouri, K. & T. Ry. Co. of Texas.—The amount claimed by the intervener was found to be correct, just and due by the master to whom all such matters were referred, and by the sworn report of the receiver, who also admitted that the account and claim was just and due, and there was no evidence whatever showing or tending to show that said account was not just, due and unpaid. There was no contest of this claim, and the intervener had no notice of any contest of its said claim and account, and therefore the said action of the court thereon was contrary to the law. Dunlap v. Southerlin, 63 Texas, 38; Gulf, C. & S. F. Ry. Co. v. Vieno, 7 Texas Civ. App., 346; Riverside Lumber Co. v. Lee, 7 Texas Civ. App., 522; First Nat'l Bank of Nacogdoches v. Hicks, 24 Texas Civ. App., 269; Orchard v. National Exc. Bank, 98 S. W., 824.

The debts actually incurred by the receiver or receivership obligation are entitled to priority in payment from the proceeds arising from the sale of the corpus of the property as against all claims not termed receivership obligations. Indebtedness actually and necessarily incurred in the preservation and operation of the property is entitled to priority of payment. Alderson on Receivers, 441; International & G. N. R. Co. v. Coolidge, 26 Texas Civ. App., 595; Ellis v. Water Company, 86 Texas, 109; Miltenberg v. Logansport Ry. Co., 106 U. S., 286; Bank of Commerce v. Central Coal Co., 53 C. C. A., 334; Union Trust Co. v. Illinois Cent. Ry. Co., 117 U. S., 434.

*S. P. Jones* and *J. H. T. Bibb,* for Wabash, Colorado & So., Penn-

sylvania, Chicago & G. W., St. Louis & S. F., Atlantic C. L., Texas Mid., Norfolk & W., Erie, New York C. & H. R., Chicago & N. W., Baltimore & O., Cincinnati, N. O. & T. P., Southern, Chicago, M. & St. P., Illinois Cent., Mobile & O., Lake S. & M. S., Penn. Co., Pittsburg, C., C. & St. L. Railway Companies, and for Hussey & Whelan, Ogburn-D. Lumber Co., Lima L. & Mach. Co., Gilmer Ice & L. Co., Dorsey Print Co., Elliott Frog & S. Co., Baldwin Loco. Wks., Harrison County Lumber Co., Handlan-Buck Mfg. Co., Linley Supply Co., Edwards & Co., and Waters-Pierce Oil Co.—The court erred in rendering any judgment affecting the rights of these appellees, because they were not parties to the suit and had no notice whatever of the same until long after the rendition of the judgment herein, and to render a judgment affecting their rights without notice to them was to deprive them of their property without due process of law. 1 Black on Judgments, sec. 220; 23 Cyc., 684; Stuart v. Palmer, 74 N. Y., 183; Cooley's Constitutional Limitation, 6th ed., pp. 431-496; Bates v. Casey & Swasey, 61 Texas, 592; Anderson v. Condict, 35 C. C. A., 335; Leadville Coal Co. v. McCreery, 141 U. S., 475; Williams, Adm'r, v. Gibbs, 17 How., 249; Kunutz v. Sumpton, 117 Ill., 1; Gilmore v. Sapp, 100 Ill., 297; Jack v. Thompson, 41 Miss., 49; Myer on Vested Rights, secs. 768, 769.

The indebtedness actually incurred by the receiver or receivership obligations is entitled to priority in payment from the proceeds arising from the sale of the corpus of the property as against all claims not termed receivership obligations, and as between those claims arising and incurred in the administration of the property by the receiver, the indebtedness actually and necessarily incurred in the preservation and operation of the property is entitled to priority of payment. Alderson on Receivers, page 441; Anderson v. Condict, 35 U. S., 335; International & G. N. R. Co. v. Coolidge, 26 Texas Civ. App., 595; Ellis v. Water Co., 86 Texas, 109; Kneeland v. Bass Foundry & Mach. Wks., 140 U. S., 592; Miltenberger v. Logansport Ry. Co., 106 U. S., 286; Bank of Commerce v. Central Coal & Coke Co., 53 C. C. A., 334; Kneeland v. American L. Co., 136 U. S., 89; Mercantile Trust Co. v. Farmers L. Co., 26 C. C. A., 383; Hullings v. Jones, 6 S. E., 874; Perrin Printing Co. v. Cook Hotel Co., 93 S. W., 337; People's Nat'l Bank v. Virginia Textile Co., 51 S. E., 155; Union Trust Co. v. Illinois Mid. Ry. Co., 117 U. S., 434.

LEVY, ASSOCIATE JUSTICE.—In the appeal of the St. Louis Union Trust Company, this day decided and the opinion here referred to, in its eleventh assignment, complaint was made of the allowance by the court as operating expenses incurred by the receiver of claims and demands of car rentals and loss and damage to cars by fire and operation. These demands are held by the M., K. & T. Railway Company of Texas, and many other railway companies herein, and these companies file assignments claiming priority of payment out of the proceeds of sale of the railway properties as necessary operating expenses of the receiver, and challenging the action of the court in reducing the amount of their several demands upon the ground that they had no notice of any contest or denial of the correctness of their demands by

the St. Louis Union Trust Company, the certificate holders. It was determined in the appeal of the trust company, the certificate holders, that indebtedness incurred by the receiver in, or arising out of, or incident to, his necessary operation of the railway by order of the court, such as car rentals and loss and damage to such cars by fire and operation while in the control of the receiver, were demands properly classified and allowed by the court as operating expenses of the receiver, and were properly payable as such, as ordered by the court, out of the proceeds of the sale of the railway. The finding of the court was that such demands were incurred by the receiver and necessarily arose out of and were incident to his operation of the road, and were necessary as actual operating expenses and charges of the receiver, and were just charges against the receiver as such. It was further ruled in the St. Louis Union Trust Company appeal that these demands, as operating expenses of the receiver, were entitled to priority in payment to the certificates in question because the terms of the order authorizing the issuance of the certificates expressly decreed their payment, as in classes "B" and "C," below operating expenses and charges of the receiver in class "A."

The specification of error of the several railway companies as to the reduction of the amount of their several demands, upon the ground specified, is next considered, and should be, we think, sustained. These several appellees, made such in this court by this appeal, in obedience to an order of the court, it appears, filed their respective demands with the master, to whom the same were referred, and who was authorized by the court, if found to be just and correct, to approve them, and if not so found to disapprove them, and to make due report to the court of his action in the matter so referred to him. The report of the master to the court, as shown in the record, contains a list of creditors of the receiver, appellees being among the number, with the amounts due each and for what the amounts are due and owing that had been filed with him. No particular findings of the master appear. The receiver, under order of the court, filed his report of outstanding and unpaid indebtedness due by him in his operation of the road, and the demands of appellees with the amount due appear on the report. The report of the receiver is verified by his affidavit thereto. The amounts due as reported by the master and the receiver are the same, and this is the amount the several appellees claim respectively is due them. The amount so reported and claimed was reduced by the court at the instance, it appears, of the St. Louis Union Trust Company. No objection or exception was made to the report of the master or receiver specifically with respect to appellees' demands by the St. Louis Trust Company or by any other creditor or party to the proceedings. There does appear a general exception by the said trust company as to any demand or debt being allowed payment out of the proceeds of the sale on an equality with or in priority of their certificates. But the justness or correctness of the amounts of the appellees' demands is not challenged by the pleading of the said trust company. In this attitude of the case the court, on the hearing of the intervention of the said trust company and on the evidence offered by the trust company as to the amount that appellees

should have allowed in their favor, reduced the amount of the several appellees' demands. This was error, we think, in the record in this case. In view of the order of the court referring these claims to the master for ascertainment of amounts and justness thereof, the report of the master to the court must be considered by this court as involving a finding by him and report thereof to the court in favor of the amounts due, as correct and just, that he so reported. The master having the power to make findings in these claims, then, in order for the other creditors to call in question his conclusions, objections should have been filed to his report. Fletcher on Eq. Pl. and Pr., sec. 601; Hamm v. Live Stock Co., 18 Texas Civ. App., 241, 45 S. W., 330. No such objections having been filed either before the master or before the court, the appellees had a right to rely upon the finding of the master as to the amount so reported, and to presume, in the absence of any exception thereto, that the amount of their demands so reported would be allowed and decreed by the court as determined by the master. There does not appear any error on the face of the master's report that would authorize or require its being inquired into further. It affirmatively appears that the reduction of the amount of appellees' demands as reported by the master was not made on the court's own motion, but solely at the instance of the trust company. If, independent of the master's report, the said trust company, as adverse claimants of the fund, had sufficient grounds to contest the correctness of the amounts properly due these appellees at the time of the distribution of the funds, and desired so to do under proper order of the court, it still should be done under proper specific exceptions and with notice thereof to appellees. But here no exception or objection was made to the appellees' demands, except in the form of a legal contention as to the proper classification they should take. This was not sufficient to advise appellees that a contest of the correctness and justness of their demands was being made by creditors, and that it should be met with proof at their hands. If it was proper to allow a contest to be made by the trust company of the amounts due appellees, it would still be proper to allow the appellees an opportunity to appear and offer proof of their correctness before same are finally disallowed in part. It may be that the trust company has reasonable grounds in the record to contest the reasonableness of the amounts due appellees, and we have hesitation to render judgment, and conclude that it would be in the interest of fairness and justice to the appellees and to the trust company that the case be remanded for determination under proper pleadings of the amounts due appellees.

The judgment of the court, in so far as it classifies and directs payment of the appellees' claims for car rentals and for loss of cars by fire and operation, as operating expenses of the receiver, is sustained, and in so far as it directs payment on an equality basis with the receiver's certificates in question is reformed as to direct payment in priority of the said certificates, and, as reformed in this respect, is affirmed; but in so far as it determines the amounts of the appellees' demands, is reversed and remanded, with instructions to hear, under proper pleadings, evidence, if desired by the parties, on the part of

appellees and the trust company, and then fix the amounts as might properly, in the opinion of the trial court, be found to be due.

*Reformed and remanded.*